UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>BLACK & DECKER (U.S.) INC.,<br>A Maryland Corporation<br><br>      Defendant. | Case GLR-15-1239<br><br>CONSENT DECREE OF CIVIL PENALTY AND PERMANENT INJUNCTION |

   Plaintiff, the United States of America, has commenced this action by filing a Complaint for Civil Penalties and Permanent Injunctive Relief pursuant to 15 U.S.C. §§ 2068(a)(4), 2069, and 2071(a), against Black & Decker (U.S.) Inc. ("Black & Decker"). Black & Decker has waived service of the summons and the complaint.

   The parties, represented by the counsel identified below, have agreed to this settlement of the action without adjudication of any issue of fact or law and consent to the entry of this Consent Decree of Civil Penalty and Permanent Injunction ("Decree"). Therefore, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

   1.    In its Complaint, the United States alleges that Black & Decker knowingly violated the requirement contained in the Consumer Product Safety Act ("CPSA"), to immediately furnish to the Consumer Product Safety Commission ("CPSC" or "Commission") the information required by 15 U.S.C. § 2064(b). The Complaint alleges that Black & Decker obtained information which reasonably supported the conclusion that the cordless electric lawnmowers that Black & Decker manufactured and distributed (1) contained a defect that could

1

create a substantial product hazard, and (2) created an unreasonable risk of serious injury or death.

2. In its Complaint, the United States asserts that Black & Decker previously paid civil penalties for violations of the same statutory requirements referenced in this action, and further alleges that there is a reasonable likelihood that Black & Decker will violate the CPSA reporting requirement in the future.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, 1355(a) and 15 U.S.C. § 2071(a).

4. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b), (c), and 1395(a).

5. The Complaint states a claim upon which relief may be granted against Black & & Decker under the CPSA. 15 U.S.C. §§ 2068(a), 2069(a), 2071(a).

6. At all relevant times, Black & Decker was a "manufacturer," as defined in 15 U.S.C. § 2052(a)(11), of the cordless electric lawnmowers described in the Complaint.

7. Black & Decker enters into this Decree freely and without coercion. Black & Decker further acknowledges that it has read the provisions of this Decree and is prepared and able to abide by them.

8. The United States believes settlement of this case on the terms described below is in the public interest and that injunctive relief is necessary to prevent future violations of the CPSA.

9. Black & Decker does not admit that the law has been or is likely to be violated, but believes settlement is appropriate to avoid the time and expense of litigation.

10. Black & Decker waives any claim that it may hold under the Equal Access to

2

Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date this Decree is entered by the Court. All parties agree to bear their own fees, costs, and attorneys' fees.

## I. CIVIL PENALTY

A. Black & Decker shall pay one million five hundred seventy-five thousand dollars ($1,575,000.00) to the United States as a civil penalty, pursuant to 15 U.S.C. § 2069. Within fourteen calendar days after entry of this Decree, Black & Decker shall transfer the civil penalty payment in the form of an electronic fund transfer in accordance with the procedures specified by the Consumer Protection Branch, Civil Division, U.S. Department of Justice, Washington, DC 20530.

B. In the event of any default in payment required in Paragraph A, the entire unpaid amount shall constitute a debt due and immediately owing by Black & Decker to the United States, and interest shall accrue and be paid by Black & Decker at the federal legal rate of interest set forth at 28 U.S.C. § 1961 from the date of default until the payment has been paid in full.

C. Black & Decker relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Black & Decker shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

D. The judgment amount set forth in this Section represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, therefore, is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

E. Black & Decker agrees that the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, in any subsequent civil litigation filed by or

on behalf of the United States to enforce its rights to payment under this Section.

## II. INJUNCTIVE RELIEF

A. Black & Decker shall ensure that its existing, compliance program is designed to ensure compliance with the safety statutes and regulations enforced by the Commission and shall continue to implement and shall maintain a compliance program that, at a minimum, contains the following elements:

   i. written standards and policies;
   ii. a mechanism for confidential employee reporting of compliance-related questions or concerns to either a compliance officer or to another senior manager with authority to act as necessary;
   iii. procedures for reviewing claims and reports for safety concerns and for implementing corrective and preventive actions when compliance deficiencies or violations are identified;
   iv. effective communication of company compliance-related policies and procedures to all employees through training programs or otherwise;
   v. senior manager responsibility for compliance and accountability for violations of the statutes and regulations enforced by the Commission;
   vi. oversight of compliance by a Black & Decker governing body; and
   vii. retention of all records reasonably related to compliance with the safety statutes enforced by the CPSC for at least five (5) years and availability of such records to CPSC staff upon request.

B. Black & Decker shall maintain, enforce, and ensure that its existing controls include, a system of internal controls and procedures designed to ensure that:

      i. information required by law to be disclosed by Black & Decker to the CPSC is recorded, processed and reported in accordance with applicable law;

      ii. all reporting made to the CPSC is timely, truthful, complete, and accurate; and

      iii. prompt disclosure is made to Black & Decker's management of any material deficiencies or material weaknesses in the design or operation of such internal controls that are reasonably likely to adversely affect in any material respect Black & Decker's ability to record, process, and report to the CPSC in accordance with applicable law.

    C. Black & Decker shall provide to the CPSC written documentation of such improvements, processes, and controls, including, but not limited to, the effective dates of such improvements, processes, and controls, upon request by the CPSC staff. Black & Decker shall cooperate fully and truthfully with CPSC staff and shall make available all information, materials, and personnel reasonably necessary for CPSC staff to evaluate Black & Decker's compliance with the terms of the Decree, subject to applicable privileges, and with provision for maintaining the confidentiality of confidential information in accordance with 15 U.S.C. § 2055.

### III. MISCELLANEOUS PROVISIONS

    A. This Decree shall be binding on the successors and assigns of Black & Decker, and any such successors and assigns shall be subject to the terms of this Decree.

    B. For a period of five years from the entry of this Decree by the Court, Black & Decker shall notify the CPSC General Counsel in writing within thirty (30) calendar days after any reorganization, consolidation, merger, acquisition, dissolution, assignment, sale, transfer or

similar transaction or series of transactions resulting in a successor entity, the transfer or disposition of substantially all of the assets of Black & Decker or any other changes in corporate structure that may affect compliance obligations arising out of this Decree.

C.  Black & Decker shall notify the CPSC General Counsel in writing within fourteen (14) calendar days after any change in the person to which communications from the CPSC should be addressed.

D.  If, at any time after entry of this Decree, Black & Decker fails to comply with any provisions of this Decree, Black & Decker shall pay to the United States liquidated damages in the sum of one thousand dollars ($1,000) for each day that Black & Decker fails to comply with the Decree. Black & Decker understands and agrees that the liquidated damages specified in this paragraph are not punitive in nature and that they do not in any way limit the ability of the United States to seek, and the Court to impose, additional criminal or civil contempt penalties based on conduct that may also be the basis for the payment of liquidated damages.

E.  The provisions of this Decree are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

F.  This Court retains jurisdiction of this matter for the purpose of enabling any of the parties to this Decree to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the enforcement of compliance therewith, or for the punishment of violations thereof.

G.  The United States may seek reasonable costs and attorneys' fees upon succeeding in a suit to enforce this Decree.

H.  The parties, by their respective counsel, hereby consent to entry of the foregoing

Decree, which shall constitute a final judgment and Order in this matter. The parties further stipulate and agree that the entry of the foregoing Decree shall constitute full, complete, and final settlement of this action. **The Clerk is DIRECTED to CLOSE this case.**

SO ORDERED, this 13TH day of May, 2015.

**George L. Russell, III**
**United States District Judge**

FOR THE UNITED STATES:

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director

JILL FURMAN
Deputy Director
Consumer Protection Branch
Department of Justice, Civil Division
450 Fifth St., NW, 6400-S
Washington, DC 20001
Jill.Furman@usdoj.gov

OF COUNSEL:

STEPHANIE TSACOUMIS
General Counsel
MELISSA V. HAMPSHIRE
Assistant General Counsel
U.S. Consumer Product Safety Commission

PATRICIA K. VIEIRA
Attorney
Office of the General Counsel
U.S. Consumer Product Safety Commission
Bethesda, MD 20814

FOR BLACK & DECKER U.S. INC.

THEODORE C. MORRIS
Assistant General Counsel and Assistant Secretary

TIMOTHY L. MULLIN, JR.
Federal Bar No. 00082
Miles & Stockbridge P.C.
100 Light Street
Baltimore, MD 21202
(410)385-3641
TMullin@MilesStockbridge.com